UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANITA JIMINEZ, : | |
| : | |
| Plaintiff, : | Civ. No. 07-2758 (GEB) |
| v. : | |
| : | **MEMORANDUM OPINION** |
| ARAMARK CORPORATION: : | |
| ARAMARK HARRISON LODGING, : | |
| : | |
| Defendant. : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendants Aramark Corporation and Aramark Harrison Lodging ("Defendants" or "Aramark") seeking dismissal of all claims asserted against them by *pro se* plaintiff Anita Jiminez ("Plaintiff" or "Jiminez") pursuant to Federal Rule of Civil Procedure 41(b). The Court has considered Defendants' submission[1] and decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Defendants' motion and dismiss Plaintiff's complaint with prejudice.

**I.    BACKGROUND**

On April 18, 2007, plaintiff Anita Jiminez filed a complaint ("Complaint") against defendants Aramark Corporation and Aramark Harrison Lodging in Superior Court, Mercer County, New Jersey, alleging sexual harassment and retaliatory termination.  (Jiminez v. Aramark Corporation, et al., Docket Number MER-L-963-07.)  On June 13, 2007, Defendants removed the case to federal court in the District of New Jersey on diversity grounds.  (Docket

---

[1]    Plaintiff has not filed an opposition to Defendants' motion.

Entry No. 1.)

On August 24, 2007, Defendants served a set of interrogatories and a request for production of documents (collectively, "Requests") on Plaintiff's counsel. (Docket Entry No. 7-3, Ex. A.) In an order dated August 28, 2007, Magistrate Judge Hughes directed the parties to conduct initial disclosure by September 14, 2007, and to complete discovery by February 29, 2008. (Docket Entry No. 4.) On September 27, 2007, defense counsel sent a letter to Plaintiff's counsel reminding him that Plaintiff's initial disclosures were past due and that Plaintiff's responses to Defendants' Requests had been due on September 23, 2007. (Docket Entry No. 7-3, Ex. B.) Defense counsel asserts that he also attempted to reach Plaintiff's counsel with numerous telephone calls and messages, to which he did not reply. (Docket Entry No. 7-3, Certification.)

On October 5, 2007, defense counsel sent another letter to Plaintiff's counsel, stating that he would resort to motion practice if he did not receive Plaintiff's discovery responses by October 10, 2007. (Docket Entry No. 7-4, Ex. C.) In a telephone conversation on October 10, 2007, Plaintiff's counsel assured defense counsel that Plaintiff's discovery response would be forthcoming and as a result, defense counsel agreed to forego motion practice. (Docket Entry No. 7-3, Certification.) In the week following, defense counsel did not receive Plaintiff's responses, nor was he able to reach Plaintiff's counsel by telephone. (Id.) On October 17, 2007, Plaintiff's counsel requested another week-long extension, which defense counsel granted. (Docket Entry No. 7-4, Ex. D.) Plaintiff's counsel again failed to submit Plaintiff's responses by October 24, 2007 and defense counsel tried to telephone him on October 25, 2007 (Docket Entry No. 7-3, Certification.), finally reaching him at his home on October 26, 2007. (Id.) In

this conversation, Plaintiff's counsel requested another week, due to illness, which defense counsel granted. (Id.)

On October 31, 2007, Plaintiff's counsel withdrew from the case and Plaintiff proceeded *pro se*. (Docket Entry No. 7-4, Ex. E.) Defense counsel asserts that on or around this day, he spoke to Plaintiff's counsel by telephone, who "assured [him] that Plaintiff was aware of her immediate obligation to respond to Aramark's discovery requests and that he had provided her with all of those requests." (Id.) As of November 13, 2007, Defendants still had not received Plaintiff's responses. (Id.) Defense counsel wrote to Jiminez reminding her of her obligation and granting her an extension until November 16, 2007 to respond. (Id., Ex. F.) Defendants assert that Plaintiff did not respond to the November 13 letter and that she has not provided them with initial disclosures or a response to their discovery requests. (Docket Entry No. 7-3, Certification.)

On December 20, 2007, Magistrate Judge Hughes granted Defendants leave to file a motion to dismiss Plaintiff's complaint for failure to prosecute or, alternatively, for an order compelling Plaintiff to respond to discovery requests and to make initial disclosures. (Id.) On January 3, 2008 Defendants filed this motion ("Motion") to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, to compel Plaintiff's discovery responses. (Docket Entry No. 7.)

**II.   DISCUSSION**

Defendants submit that Plaintiff's repeated failure to respond to discovery requests and initial disclosures warrants dismissal under Federal Rule of Civil Procedure 41(b). In the alternative, Defendants seek an order to compel discovery. Plaintiff does not oppose

3

Defendants' Motion.

*a.     Standard*

Rule 41(b) of the Federal Rules of Civil Procedure, which governs the involuntary dismissal of an action and claim provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication upon the merits.

Fed. R. Civ. P. Rule 41(b).  Although dismissal is a harsh sanction reserved for use in limited circumstances, National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976), it is an appropriate remedy where a party fails to prosecute the action.  Fed. R. Civ. P. 41(b); Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).  "[T]he authority to dismiss [a claim] for lack of prosecution, both on defendants' motion and *sua sponte*, is an inherent. . . 'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974) (quoting Link v. Wabash Railroad Co., 370 U.S. 626, 630-631 (1962)).

Failure to prosecute does not necessarily require a finding that a plaintiff acted affirmatively to delay a proceeding.  Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994).  A plaintiff's failure to act, with the knowledge that in doing so, he will delay a trial is sufficient to constitute "failure to prosecute." Id.  When evaluating a motion to dismiss under Rule 41(b), the Court considers six factors: "(1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's action or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was

willful or in bad faith; (5) the effectiveness of alternate sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); Spear v. Commissioner of Internal Revenue Service, 41 F.3d 103, 109 (3d Cir. 1994).  Not all six factors, however, need be present to warrant dismissal.  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988), cert. denied, 488 U.S. 1005 (1989).  The Court recognizes that Plaintiff is *pro se*.  Nonetheless, a *pro se* plaintiff is obligated to follow the same rules of discovery and court orders as any other litigant.  McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

    b.    *Application*

The first factor, personal responsibility, supports dismissal of Plaintiff's Complaint.[2] Although Jiminez was represented by counsel from the filing of her complaint on April 18, 2007 to counsel's withdrawal on October 31, 2007, she has since proceeded *pro*.  Despite defense counsel's November 13 letter reminding Plaintiff of her obligation to provide initial disclosure and responses to the discovery request, over eight months have passed without any indication from Plaintiff of whether she intends to comply, or even desires to continue with her claim.

---

[2] The Court is mindful of the Third Circuit's holding in Dunbar v. Triangle Lumber & Supply Co., which bars a plaintiff's action from being dismissed due to the inaction of counsel, absent notice and an opportunity to comply.  816 F.2d 126, 129 (3d Cir. 1987.)  However, the procedural requirements of Dunbar were put in place to protect a litigant from dismissal where the litigant is unaware of his counsel's dilatoriness.  Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 872 (3d Cir. N.J. 1994).  Here, Plaintiff, who is now *pro se*, was put on notice of her responsibilities multiple times (by her previous counsel and Defendant's counsel), and she has taken no action at all.  Because Plaintiff's failure to prosecute cannot be blamed on a lack of awareness of the recalcitrance of her attorney, and Plaintiff was indeed provided with ample notice of her responsibilities, Dunbar procedural requirements do not apply.  See Sunday v. United States, No. 89-8374 (LAR), 1992 U.S. Dist. LEXIS 13233 at *9-10 (E.D. Pa. Sept. 3, 1992).

Prior to his withdrawal from the case, Plaintiff's counsel also repeatedly failed to cooperate with discovery requests. Dismissal of a plaintiff's claim for counsel's conduct does not impose an unfair penalty on the plaintiff. Link, 370 U.S. at 633-634. A litigant freely chooses an attorney and is bound by his attorney's acts. Titus v. Mercedes Benz of North America, 695 F.2d 746, 751 (3d Cir. 1982) (quoting Link, 370 U.S. at 633-634).

The second factor, prejudice to the adversary caused by plaintiff's inaction, also militates toward dismissal. The deadline for discovery was February 29, 2008. (Docket Entry No. 4.) Plaintiff's failure to respond to initial disclosure and discovery requests has wholly prevented Defendant from being able to conduct its defense. Without interrogatories, depositions, or any other discovery from Plaintiff, Defendant is unable to move forward in these proceedings against them.

Likewise, Plaintiff has exhibited a history of dilatoriness that "has been characterized by a consistent delay by plaintiffs' counsel." Poulis, 747 F.2d at 868. Her former counsel requested three extensions and still failed to submit any requested response to Defendants. Since deciding to proceed *pro se*, Plaintiff herself has not responded in any way, giving no indication of whether she intends to proceed at all.

Plaintiff has a responsibility to pursue the litigation that she has commenced. Given that Plaintiff has not indicated any reason for her noncompliance, the Court can only conclude that her failure to comply is a voluntary choice. Dismissal is appropriate where a party exhibits "flagrant disregard" of their responsibilities. National Hockey League, 427 U.S. at 643.

Factor five requires an analysis of the effectiveness of alternative sanctions. Rule 37 of the Federal Rules of Civil Procedure provides for sanctions in the event that a party refuses to

comply with discovery orders. It includes:

> (i) directing that the matter embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. Rule 37(b)(2)(A). These remedies are ineffective alternatives given that Plaintiff does not appear eager to move forward with her claim. See Macon v. City of Asbury Park, No. 07-1413(MLC), 2008 U.S. Dist. LEXIS 33706, at *5 (D.N.J. Apr. 24, 2008) (dismissal appropriate where plaintiff exhibited a lack of interest in proceeding); Emerson v. Thiel, 296 F.3d 184, 190-191 (3d Cir. 2002) (dismissal appropriate where, despite numerous extensions, *pro se* plaintiff gave no indication that he would prosecute his claim). This factor therefore supports dismissal of Plaintiff's claims.

The meritoriousness of Plaintiff's claim is not evaluated under the summary judgment standard, but on the basis of whether her allegations, if proven to be true, provide a basis for relief. Poulis, 747 F.2d at 869-870. Based on Plaintiff's Complaint, the Court concludes that her claim is facially meritorious.

On balance, five of the six Poulis factors support dismissal of Plaintiff's claim for failure to prosecute. The Court reiterates that Plaintiff was given ample time to comply with Defendants' requests for initial disclosure and discovery responses. The original deadline for discovery has long passed. Moreover, Plaintiff has been on notice of Defendants' Motion to dismiss and has not responded in the six months since it was filed.

Defendants also seek to recover costs and fees incurred in bringing this motion under Federal Rule of Civil Procedure 37(a)(4), which requires a court, upon granting a motion to compel disclosure or a discovery response, to order the party whose conduct necessitated the filing of the motion to pay the expenses incurred.  As Defendants' motion to compel discovery (sought by Defendants as an alternative to dismissal) was not granted, that section of Rule 37 is inapplicable.  The Court therefore declines Defendants' request to award expenses.

### III.   CONCLUSION

For the reasons stated herein, the Court will grant Defendants' motion to dismiss Plaintiff's claims with prejudice and deny Defendants' request for the award of costs and fees. An appropriate form of Order accompanies this Opinion.

Dated: July 18, 2008.

                                                            Garrett E. Brown, Jr.
                                                    GARRETT E. BROWN, Jr., U.S.D.J.